SUCESIÓN DE EDUARDO RIJOS, recurrente, *v.* EL REGISTRADOR DE SAN JUAN, SECCIÓN 1ª, recurrido.

No. 634.—*Sometido:* Abril 5, 1926. *Resuelto:* Abril 28, 1926.

1. COMUNIDAD DE BIENES—GRAVÁMENES SOBRE LA COSA COMÚN—SU LIBERACIÓN POR UNO DE LOS CONDUEÑOS O PARTÍCIPES—EFECTO.—El hecho de que un condueño de finca la libere de un gravamen—hipoteca—que tenía por haber reconocido esa deuda en una finca de su propiedad no crea en él un derecho de condominio por el importe de dicho gravamen que deba considerarse como inscrito a su favor.

2. COMUNIDAD DE BIENES—GRAVÁMENES SOBRE LA COSA COMÚN—SU LIBERACIÓN POR UNOS DE LOS CONDUEÑOS O PARTÍCIPES—DERECHOS DE ESTOS.—Un condueño de finca que la libera de un gravamen no tiene más derecho que el que le reconoce el artículo 1126 del Código Civil.

NOTA de *De Jesús*, R. (San Juan), denegando inscripción de una escritura de testamento en cuanto a cierto condominio. *Revocada.*

*Enrique Díaz Viera,* abogado de la recurrente; el registrador compareció por escrito.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

La casa No. 21 de la calle de San José en esta ciudad de San Juan fué inscrita por primera vez en el registro de la propiedad el año 1889 a favor de seis hermanos de apellido Folgueras Rijos como herederos de Da. Mariana Rijos Correa en cuanto a ciertas participaciones en el valor de 9,051 pesos 75 centavos que manifestaron tener la casa, que estaba gravada con un censo por 7,760 pesos macuquinos, todo lo que resultaba de un expediente posesorio que tramitaron y fué aprobado judicialmente. Esa inscripción fué

rectificada el año 1890 por la inscripción segunda de la finca hecha como consecuencia de otro expediente posesorio que dichos hermanos Folgueras Rijos y otras personas como herederos de Dn. Juan Rijos Correa tramitaron y en el que manifestaron estar poseyendo todos ellos condominios indivisos en la expresada casa ascendentes en total a 1,281 pesos 75 centavos en el valor de 9,051 pesos 75 centavos que tenía la finca, practicándose la inscripción en cuanto a dichos condominios. En 1908 y por la inscripción undécima fué trasladado al registro de la propiedad un asiento obrante en el registro antiguo según el cual la finca estaba afecta a una hipoteca para garantizar un censo que por 7,760 pesos macuquinos constituyó Don Juan Rijos Teduche en el año 1835; inscripción que tiene nota marginal de haber sido cancelado ese gravamen por la inscripción vigésima practicada en el año 1921.

En 1926, noventa años después de la muerte de Dn. Juan Rijos Teduche, fué presentado su testamento en el registro por la sucesión de Dn. Eduardo Rijos para ser inscrita la casa a favor de sus siete hijos legítimos habidos en su matrimonio con Da. Rafaela Nicolasa Correa a quienes instituyó por herederos según su cláusula 25ª, apareciendo de la 8ª que la casa a que venimos refiriéndonos era uno de sus bienes. Con el testamento se acompañó escrito solicitando del registrador que inscribiera a favor de dichos siete herederos testamentarios el 85 por ciento con 88 centésimas del valor de 9,051 pesos 75 centavos que no está inscrito a favor de Dn. Francisco López Sánchez y de Da. Eustaquia Rijos Lara a cuyo favor están inscritos los condominios a que se refiere la inscripción segunda, pero el registrador negó lo que se le pedía por los motivos que constan de la nota puesta al pie del testamento, la que dice así:

"Denegada la inscripción de este documento con vista de otros, en cuanto al condominio que se solicita, por las razones siguientes: 1º, Que un condominio total de la finca se halla inscrito actualmente a favor de D. Francisco López Sánchez y Doña Eustaquia Rijos

Lara, o sea el que ascendente a la suma de $1,281.75 pesos, se inscribió originariamente a favor de varios condueños en la inscripción 2ª de la misma. 2º, Que la finca total reportaba según el Registro y los títulos un gravamen ascendente a 7,760 pesos, el cual, habiéndose levantado por el condueño López Sánchez a su costa según la inscripción 20ª, mediante traslado que de él hizo a otro inmueble de su propiedad, ha originado a favor de ese condueño y de la otra— Eustaquia Rijos Lara—un derecho más de condominio, libre, equivalente en esa finca a la ascendencia del indicado gravamen, pues se desprende del Registro que los traspasos e inscripciones originarias, y los posteriores se referían a la totalidad del inmueble, si bien había sido rebajado su valor de $9,051.75 pesos, a $1,281.75, por deducir el importe de la carga. 3º, Que debiéndose considerar el condominio que constituye la diferencia entre ambos valores, cuya inscripción se pide ahora, como correspondiente e inscrito a nombre de personas distintas del causante Don Juan Rijos Teduche, no procede la inscripción de ese derecho a favor de sus herederos—art. 20 Ley Hipot. Y en su lugar se ha tomado anotación preventiva por el término legal.''

Contra esa negativa se interpuso este recurso gubernativo.

En vista de las constancias del registro la cuestión a decidir de si por haber liberado el condueño Dn. Francisco López Sánchez la expresada casa del gravamen que sobre ella pesaba por haberlo trasladado a otra finca de su propiedad se ha originado a su favor, y también de la otra condueña Da. Eustaquia Rijos Lara, como expone el registrador, un derecho más de condominio libre equivalente al importe de dicho gravamen por desprenderse del registro que las inscripciones hechas en él se refieren a la totalidad del inmueble y que debiéndose considerar el condominio que constituye la diferencia entre los 1,281 pesos 75 centavos y los 9,051 pesos 75 centavos como inscrito a nombre de personas distintas a Dn. Juan Rijos Teduche no procede la inscripción a favor de sus herederos, o si, como sostienen los recurrentes no tiene Dn. Francisco López Sánchez condominio alguno sobre esa diferencia y que por tanto puede ser inscrita a favor de dichos herederos.

[1, 2] Claramente se ve que Dn. Francisco López Sánchez y Da. Eustaquia Rijos Lara solamente tienen inscritos en el registro condominios por 1,281 pesos 75 centavos en el valor de 9,051 pesos 75 centavos, que son los que inscribieron los herederos a cuyo favor se hizo la inscripción segunda, y que la diferencia de 7,770 pesos no fué inscrita entonces ni después a favor de persona alguna, quizás porque fué deducida por el gravamen que tenía la casa, sin que en vista de las claras constancias del registro podamos concluir que los primitivos condueños que inscribieron y los posteriores tuvieron inscrito a su favor todo el valor de la finca ni que por haber librado el condueño López Sánchez a la casa de la hipoteca que tenía por haber reconocido esa deuda en una finca de su propiedad se creó en él un derecho de condominio que debe considerarse como inscrito a su favor, pues lo que tiene por esa liberación es el derecho que le reconoce el artículo 1126 del Código Civil de reclamar de los demás condueños la cantidad proporcional que les corresponda en la obligación pagada por él.

Por consiguiente, no estando inscrita a favor de persona alguna la cantidad de 7,770 pesos en el valor de 9,051 pesos 75 centavos debió ser inscrito en cuanto a esa cantidad la finca a favor de los herederos testamentarios de Dn. Juan Rijos Teduche.

*La nota recurrida debe ser revocada y ordenarse la inscripción solicitada por los recurrentes.*